UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER CIFUENTES,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>AREF FAKHOURY,<br><br>　　　　Respondent. | NO. EDCV 12-197-JAK (AGR)<br><br><br>ORDER TO SHOW CAUSE |

On February 8, 2012, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that Petitioner is no longer prosecuting the case.

The court, therefore, orders Petitioner to show cause, on or before ***September 21, 2012***, why the court should not recommend dismissal of the petition without prejudice for failure to prosecute.

# I.

## PROCEDURAL BACKGROUND

On February 8, 2012, Petitioner, appearing *pro se* and incarcerated at the time of filing, filed a habeas petition. On May 23, 2012, Respondent filed an answer. On July 12, 2012, because Petitioner's reply was overdue, the court ordered Petitioner to file a reply by August 10, 2012. (Dkt. No. 11.)

On July 23, 2012, the court's July 12 order was returned from the prison indicating that Petitioner had been paroled. (Dkt. No. 12.) Petitioner has not filed a change of address.

# II.

## DISCUSSION

A district court has the authority to dismiss a habeas petition without prejudice because of a failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Allen v. Calderon*, 408 F.3d 1150, 1152 (9th Cir. 2005); *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002); *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the court); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (district may dismiss action for failure to prosecute after mail is returned by postal service as undeliverable); *see also* L.R. 41-6 ("If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.")

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Petitioner has failed to provide the court with a current address and failed to reply to Respondent's answer. Petitioner's conduct hinders the court's ability to move this case toward disposition and indicates that he does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal. A presumption of prejudice to defendants arises when there is a failure to prosecute diligently. *Eisen*, 31 F.3d at 1452-53. That presumption may be rebutted when a plaintiff proffers an excuse for delay. Petitioner has failed to come forward with any excuse or reason for delay. *See Carey*, 856 F.2d at 1441 ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.").

The fourth factor – public policy in favor of deciding cases on their merits – weighs against dismissal. It is, however, a plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility. The public policy favoring resolution of

disputes on the merits does not outweigh Petitioner's failure to provide the court with a correct address or respond to a court order.

The fifth factor – availability of less drastic sanctions – weighs in favor of dismissal. Given that Petitioner has not responded to the court's last order and the court has no means of contacting Petitioner, no lesser sanction is available. *See Fellows v. Hartley*, 2010 WL 1335393, *2 (E.D. Cal. 2010) ("given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible"), *adopted in full*, 2010 WL 398973 (E.D. Cal. 2010); *Carey*, 856 F.2d at 1441.

Taking all of the above factors into account, dismissal for failure to prosecute appears to be appropriate.

### III.
### ORDER

IT IS THEREFORE ORDERED that, on or before **September 21, 2012**, Petitioner shall show cause, if there be any, why the court should not recommend dismissal without prejudice for failure to prosecute.

**Petitioner is also advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed without prejudice based on failure to prosecute.**

DATED: August 22, 2012

ALICIA G. ROSENBERG
United States Magistrate Judge

4